IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
─────────────────────────────────────────────────────────────────────

CMFG LIFE INSURANCE COMPANY,
CUMIS INSURANCE SOCIETY and
MEMBERS LIFE INSURANCE COMPANY,

                     Plaintiffs,                     OPINION & ORDER

    v.

                                                               13-cv-575-wmc

GOLDMAN, SACHS & CO.,

                     Defendant.
─────────────────────────────────────────────────────────────────────

      This civil action is one of multiple suits recently filed by plaintiffs (collectively, "CUNA Mutual") to rescind their purchases of various residential mortgage-backed securities ("RMBS"), all of which performed poorly and lost much of their value during the collapse of the real estate market. On December 9, 2013, the defendant in this case, Goldman, Sachs & Co. ("Goldman Sachs"), moved to compel arbitration based on an Account Agreement between the parties. (Dkt. #18.) CUNA Mutual has now agreed to arbitration and asks the court to stay the proceedings pending arbitration pursuant to 9 U.S.C. § 3. (*See* dkt. ##21, 23.) Since both parties agree that, at least, the threshold issue of arbitrability is arbitrable, the court will grant Goldman Sachs' motion. *See Merit Ins. Co. v. Leatherby Ins. Co.*, 581 F.2d 137, 142 (7th Cir. 1978) ("If the agreement to arbitrate is valid the court has no further power or discretion to address the issues raised in the complaint but must order arbitration.").

      A dispute nevertheless remains as to whether this court should stay this lawsuit pending arbitration or dismiss it altogether. The Federal Arbitration Act (FAA), 9 U.S.C. § 3, states that once the court is satisfied that an issue is arbitrable, it "shall on application

of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." Pursuant to this language, the Seventh Circuit generally holds that "the proper course of action when a party seeks to invoke an arbitration clause is to stay the proceedings rather than to dismiss outright." *Halim v. Great Gatsby's Auction Gallery, Inc.*, 516 F.3d 557, 561 (7th Cir. 2008) (quoting *Cont'l Cas. Co. v. Am. Nat'l Ins. Co.*, 417 F.3d 727, 732 n.7 (7th Cir. 2005)).

As Goldman Sachs points out, however, and as this court has recognized, "a number of circuits have found that there is 'a judicially-created exception to the general rule which indicates district courts may, in their discretion dismiss an action rather than stay it where it is clear the entire controversy between the parties will be resolved by arbitration.'" *Villalobos v. EZCorp, Inc.*, No. 12-cv-852-slc, 2013 WL 3732875, at *8 (W.D. Wis. Jul. 15, 2013) (quoting *Green v. SuperShuttle Int'l, Inc.*, 653 F.3d 766, 769-70 (8th Cir. 2011)). Moreover, while the Seventh Circuit has yet to address "the issue directly, it has affirmed [similar] dismissals by district courts" in this circuit. *Felland v. Clifton*, No. 10-cv-664-slc, 2013 WL 3778967, at *11 (W.D. Wis. Jul. 18, 2013) (collecting cases).

The Account Agreement between the parties provides that "[a]ny controversy between GS&Co. . . . on the one hand, and client or its agents (including us) on the other hand, arising out of or relating to this agreement, the transactions contemplated hereby, or the accounts established hereunder, shall be settled by arbitration." (Ip Decl. Ex. A (dkt. #20-1) 2.) Given this relatively sweeping language, it would seem likely that arbitration *will* resolve all of the issues between the parties. Nevertheless, CUNA Mutual represents that it has not conceded all of the claims it asserts against Goldman Sachs are arbitrable. (Pl.'s Mem. in Supp. of Stay (dkt. #23) 4.)

2

Given this dispute between the parties, the court declines to assume that all issues will be resolved by arbitration. And in the unlikely event that CUNA Mutual should succeed in demonstrating that its claims are not subject to arbitration, this court's dismissal at this time could cause any renewed claim to run afoul of the applicable statute of limitations. The more prudent course of action, therefore, would appear to be for this court to retain jurisdiction by entering a stay pending completion of the arbitration proceedings. This stay will remain in place until arbitration is concluded -- whether that be at the close of the arbitrability determination or at the close of arbitration on the merits. At that time, either party may move to reopen this case.

ORDER

IT IS ORDERED that:

1. Defendant's Motion to Compel Arbitration (dkt. #18) is GRANTED.

2. Plaintiffs' Motion to Stay Proceedings Pending Arbitration (dkt. #21) is GRANTED.

3. The clerk's office is directed to close this case and remove it from the active docket subject to reopening by motion of either party.

Entered this 7th day of February, 2014.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge